AO 245 D (Rev. 03/01) - Judgment in a Criminal Case for Revocation

# UNITED STATES DISTRICT COURT
## District of New Jersey

UNITED STATES OF AMERICA

  v.            Case Number  2:14-cr-165-01

CHARLES PIERCE FARRIS, JR.

  Defendant.

## JUDGMENT IN A CRIMINAL CASE
(For Revocation of Probation or Supervised Release)
(For Offenses Committed On or After November 1, 1987)

  The defendant, CHARLES PIERCE FARRIS, JR., was represented by Stacy A. Biancamano, Esq.

  Violation numbers 2-4 have been dismissed.

  The defendant admitted guilt to violation number 1 as stated on the violation petition. Accordingly, the court has adjudicated that the defendant is guilty of the following violation:

| Violation Number | Nature of Violation |
|---|---|
| 1 | 'Employment Restrictions' |

  As pronounced on November 24, 2015, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

  It is ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances. Unless modified by this judgment, all fines, restitution, costs, and special assessments previously imposed in the judgment filed on April 26, 2007 remain in full force and effect, if not already paid.

  Signed this the _1st_ Day of December, 2015.

                    Hon. Kevin McNulty
                    United States District Judge

Judgment -- Page 2 of 6

Defendant: CHARLES PIERCE FARRIS, JR.
Case Number: 2:14-cr-165-01

## IMPRISONMENT

It is ordered and adjudged that the previously imposed term of supervised release is revoked and the defendant is hereby committed to the custody of the United States Marshal for one (1) day and to be released at the end of the day (5:00).

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____

Defendant delivered on _____ To _____
At _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

Judgment – Page 3 of 6

Defendant: CHARLES PIERCE FARRIS, JR.
Case Number: 2:14-cr-165-01

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 2 years.

Within 72 hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the Probation Office in the district to which the defendant is released.

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remains unpaid at the commencement of the term of supervised release and shall comply with the following special conditions.

While on supervised release, the defendant shall not commit another federal, state, or local crime, shall be prohibited from possessing a firearm or other dangerous device, shall not possess an illegal controlled substance and shall comply with the other standard conditions that have been adopted by this Court (on the next page). Based on information presented, the defendant is excused from the mandatory drug testing provision; however, the defendant may be requested to submit to drug testing during the period of supervision if the probation officer determines a risk of substance abuse.

In addition, the defendant shall comply with the following special conditions:

The defendant shall be allowed to work in the steel industry only as a general manager or project manager. He shall be permitted to oversee the fabrication, erection, production, material ordering, customer relations, quality control, safety, permitting, and sub-contracting of steel projects. He shall not be permitted to manage or supervise financial or accounting functions or engage in any banking transactions as part of his employment. He shall not be permitted to induce investments or loans.

The defendant shall be permitted to travel to New York, New Jersey, and Pennsylvania. He shall be permitted to travel to other state for business reasons with advance notice to probation.

AO 245 D (Rev. 03/01) - Judgment in a Criminal Case for Revocation

Judgment – Page 4 of 6

Defendant: CHARLES PIERCE FARRIS, JR.
Case Number: 2:14-cr-165-01

## STANDARD CONDITIONS OF SUPERVISED RELEASE

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not illegally possess a controlled substance.

3) If convicted of a felony offense, the defendant shall not possess a firearm or destructive device.

4) The defendant shall not leave the judicial district without the permission of the court or probation officer.

5) The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer.

6) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

7) The defendant shall support his or her dependents and meet other family responsibilities.

8) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

9) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.

10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.

11) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

13) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

14) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

15) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

(17) You shall cooperate in the collection of DNA as directed by the Probation Officer.

(This standard condition would apply when the current offense or a prior federal offense is either a felony, any offense under Chapter 109A of Title 18 (i.e., §§ 2241-2248, any crime of violence [as defined in 18 U.S.C. § 16], any attempt or conspiracy to commit the above, an offense under the Uniform Code of Military Justice for which a sentence of confinement of more than one year may be imposed, or any other offense under the Uniform Code that is comparable to a qualifying federal offense);

(18) Upon request, you shall provide the U.S. Probation Office with full disclosure of your financial records, including co-mingled income, expenses, assets and liabilities, to include yearly income tax returns. With the exception of the financial accounts reported and noted within the presentence report, you are prohibited from maintaining and/or opening any additional individual and/or joint checking, savings, or other financial accounts, for either personal or business purposes, without the knowledge and approval of the U.S. Probation Office. You shall cooperate with the Probation Officer in the investigation of your financial dealings and shall provide truthful monthly statements of your income. You shall cooperate in the signing of any necessary authorization to release information forms permitting the U.S. Probation Office access to your financial information and records;

AO 245 D (Rev. 03/01) - Judgment in a Criminal Case for Revocation

Judgment – Page 5 of 6

Defendant: CHARLES PIERCE FARRIS, JR.
Case Number: 2:14-cr-165-01

(19) As directed by the U.S. Probation Office, you shall participate in and complete any educational, vocational, cognitive or any other enrichment program offered by the U.S. Probation Office or any outside agency or establishment while under supervision;

(20) You shall not operate any motor vehicle without a valid driver's license issued by the State of New Jersey, or in the state in which you are supervised. You shall comply with all motor vehicle laws and ordinances and must report all motor vehicle infractions (including any court appearances) within 72 hours to the U.S. Probation Office;

---

*For Official Use Only - - - U.S. Probation Office*

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions, and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed) _____
                            Defendant                                              Date

_____
U.S. Probation Officer/Designated Witness                    Date

| | | Judgment – Page 6 of 6 |
|---|---|---|
| Defendant: | CHARLES PIERCE FARRIS, JR. | |
| Case Number: | 2:14-cr-165-01 | |

## FINE

The defendant shall pay a fine of $50,000 payable in six (6) months.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.